## Jurisdiction of Pennsylvania Labor Relations Board

MARGIOTTI, Attorney General, October 13, 1937.—You have asked to be advised upon certain phases of the respective jurisdictions of the Pennsylvania Labor Relations Board and the National Labor Relations Board. According to your request, you are interested particularly in determining whether the National Labor Relations Board and the Pennsylvania Labor Relations Board have any concurrent jurisdiction, and if not, what elements of interstate commerce are sufficient to remove a case from the jurisdiction of the Pennsylvania Labor Relations Board, and to whom the power has been given to determine whether or not such elements of interstate commerce exist.

You also ask for an opinion upon the kindred questions whether jurisdiction may be conferred upon the Pennsylvania Labor Relations Board by consent of the parties, and whether the Pennsylvania Labor Relations Board

may waive its jurisdiction in favor of the National Labor Relations Board. You supplement your request with a reference to two actual situations which are now before the Pennsylvania Labor Relations Board; one of which concerns a corporation manufacturing silk for sale both within and outside the Commonwealth of Pennsylvania; and the other of which involves a steel company which owns mines in Pennsylvania from which coal is shipped to its various plants in other States.

The National Labor Relations Board was established by the Act of Congress of July 5, 1935, 49 Stat. at L. 449, 29 USC §151, et seq. The jurisdiction conferred upon the National Labor Relations Board is defined, in section 10($a$) of the above act, as follows:

"The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice [listed in section 8] affecting commerce. This power shall be exclusive, and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise."

The key words in the above-quoted provision are "affecting commerce". The term "commerce" and the term "affecting commerce" are defined in the act, in section 2, subdivision (6), as follows:

"The term 'commerce' means trade, traffic, commerce, transportation, or communication among the several States, or between the District of Columbia or any Territory of the United States and any State or other Territory, or between any foreign country and any State, Territory, or the District of Columbia, or within the District of Columbia or any Territory, or between points in the same State but through any other State or any Territory or the District of Columbia or any foreign country."

Section 2, subdivision (7), provides:

"The term 'affecting commerce' means in commerce, or burdening or obstructing commerce or the free flow

of commerce, or having led or tending to lead to a labor dispute burdening or obstructing commerce or the free flow of commerce."

The Pennsylvania Labor Relations Board was provided for by the Pennsylvania Labor Relations Act of June 1, 1937 (no. 294). This board, among other things, is empowered to prevent unfair labor practices on the part of employers. The term "employer" is defined in section 3(c) as follows:

"The term 'employer' includes any person acting, directly or indirectly, in the interest of an employer, but *shall not include* the United States or the Commonwealth, or any political subdivision thereof, or *any person subject to the* Federal Railway Labor Act or the *National Labor Relations Act*, as amended from time to time, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization." (Italics ours.)

In view of these provisions, it is clear that the Pennsylvania Labor Relations Board and the National Labor Relations Board exercise no concurrent jurisdiction. Each case involving labor relations is within the sole jurisdiction of either one board or the other, according to whether or not interstate commerce is affected by such relations.

The question whether or not interstate commerce is affected is necessarily one to be determined in each case by that board before which it is pending. We feel that the Pennsylvania Labor Relations Board has powers analogous to those of a court of law with respect to determining its own jurisdiction, and it may be of assistance to refer here to two statements from Corpus Juris relative to the power of courts in that respect:

"Every court has judicial power to hear and determine the question of its own jurisdiction, both as to parties and as to subject matter, and necessarily does so by proceeding in the cause. When at any time or in any manner it is in good faith represented to the court by a party or an amicus curiae that it has not jurisdiction, the court will

examine the grounds of its jurisdiction before proceeding further. The court may receive testimony on a preliminary question to determine its jurisdiction, and is not bound to dismiss the suit on a mere allegation of lack of jurisdiction, but may inquire into the correctness of the averment. A court cannot pass on its own existence as a court. . . .

"Courts are bound to take notice of the limits of their authority, and accordingly a court may of its own motion, even though the question is not raised by the pleadings or is not suggested by counsel, recognize the want of jurisdiction, and it is its duty to act accordingly by staying proceedings, dismissing the action, or otherwise noticing the defect, at any stage of the proceedings": 15 C. J. 851, secs. 170, 171.

In view of the fact that the Pennsylvania Labor Relations Board and the National Labor Relations Board have no concurrent jurisdiction, the question of waiver of jurisdiction by the Pennsylvania Labor Relations Board in favor of the National board will not arise, for each case is necessarily within the sole jurisdiction of but one board. Thus, if the Pennsylvania Labor Relations Board decides that it will not intervene in a certain case which involves interstate commerce, this action is not a waiver of jurisdiction, but merely a recognition of the fact that jurisdiction does not exist. It also follows from this that employers and employes cannot bestow jurisdiction upon the Pennsylvania board by consent, although in close cases it might be possible for jurisdiction to be assumed upon the basis of facts which have been admitted by the parties.

We recognize, of course, that the question whether or not certain labor relations affect interstate commerce may be a difficult one to decide. Fortunately, the Supreme Court of the United States recently construed the above-quoted portions of the National Labor Relations Act in the case of National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U. S. 1, 57 Sup. Ct. Rep. 615,

621. In that case it was contended, inter alia, that the act could have no application to the relations of the Jones & Laughlin Company with the employes in its manufacturing department, because such relations affected production and not interstate commerce. The Supreme Court, however, held that the act was applicable to such relations and, in the opinion written by Mr. Chief Justice Hughes, the following comments upon this point appear:

"The grant of authority to the Board does not purport to extend to the relationship between all industrial employees and employers. Its terms do not impose collective bargaining upon all industry regardless of effects upon interstate or foreign commerce. It purports to reach only what may be deemed to burden or obstruct that commerce and, thus qualified, it must be construed as contemplating the exercise of control within constitutional bounds. . . . Whether or not particular action does affect commerce in such a close and intimate fashion as to be subject to federal control, and hence to lie within the authority conferred upon the Board, is left by the statute to be determined as individual cases arise. . . .

"It is thus apparent that the fact that the employees here concerned were engaged in production is not determinative. The question remains as to the effect upon interstate commerce of the labor practice involved. . . . When industries organize themselves on a national scale, making their relation to interstate commerce the dominant factor in their activities, how can it be maintained that their industrial labor relations constitute a forbidden field into which Congress may not enter when it is necessary to protect interstate commerce from the paralyzing consequences of industrial war? We have often said that interstate commerce itself is a practical conception. It is equally true that interferences with that commerce must be appraised by a judgment that does not ignore actual experience."

These principles enunciated by the Supreme Court of the United States should be of great assistance in enabling the Pennsylvania Labor Relations Board to determine whether or not it should entertain jurisdiction in a particular situation. Close cases will of necessity require a careful scrutiny of the nature of the employer's activities and it would be manifestly impossible for us to rule upon the specific situations you describe in the absence of a complete presentation of the facts.

You are advised, therefore, that the National Labor Relations Board and the Pennsylvania Labor Relations Board have no concurrent jurisdiction, and that the Pennsylvania Labor Relations Board may properly determine whether or not the absence of elements of interstate commerce permits it to take jurisdiction in a particular case.

You are also advised that the Pennsylvania Labor Relations Board has no authority to waive jurisdiction over a case which should be brought before it, and that employers and employes cannot confer jurisdiction upon the Pennsylvania Labor Relations Board by consent.